IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHERRY SHELBY, Individually and on Behalf All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | Civil Action No. 4:16-CV-01549 |
| v. | § § | COLLECTIVE ACTION |
| BOXER PROPERTY MANAGEMENT CORPORATION, | § § § § | (JURY TRIAL) |
| Defendant. | § | |

# PLAINTIFFS' MOTION TO COMPEL LIST OF POTENTIAL OPT-INS AND ENFORCE CONDITIONAL CERTIFICATION ORDER

Plaintiffs Sherry Shelby, *et al.* (collectively, "Plaintiffs") file this Motion to Compel List of Potential Opt-ins and Enforce Conditional Certification Order, and in support thereof would respectfully show as follows:

## I. INTRODUCTION

This Court granted Plaintiffs' motion for conditional certification on May 3, 2017, and directed Boxer Property Management Corporation ("Defendant" or "Boxer Property") to provide an accurate and complete list of potential opt-in plaintiffs. Three months later, Defendant still has not complied, despite many requests to do so.[1] Plaintiffs have no choice but to move to compel a complete list.

---

[1] *See* Exhibit 1, Correspondence with Defendant's counsel.

At the Court's May 3, 2017 hearing on Plaintiffs' conditional certification motion, the Court conditionally certified a collective action class of Boxer Property's onsite leasing agents, including any individual with the job title of leasing representative, commercial leasing representative, senior leasing representative, or any similar title who performed similar duties of the Plaintiffs and was classified by Defendant as an exempt employee under the FLSA. In opposing conditional certification at the hearing, Boxer Property's counsel informed the Court that there were approximately 180 potential class members; however, when Defendant finally provided an incomplete class list to Plaintiffs over a month later on June 9, 2017, only 131 potential class members were included. Defendant's list also fails to include *any* leasing agents for Boxer Property's buildings in California and North Carolina.

Plaintiffs have already identified several leasing agents who fall within the scope of this collective action class, but who were omitted from Defendant's class list. In particular, Defendant is withholding information for a number of leasing agents who are featured on Boxer Property's own website, beside a description of Defendant's available properties with an option to "chat live" with the agent.[2] Some are also registered with the Texas Real Estate Commission as agents whose Texas real estate license is currently sponsored by Boxer Property.[3] Others are recognized on Boxer Property's LinkedIn page as Defendant's employees.[4] Although Plaintiffs' investigative efforts have revealed a number of potential class members whose information is being withheld by Defendant, presumably many other unidentified potential class members exist.

---

[2] *See* Exhibit 2, Compilation of Boxer Property webpages featuring unprovided potential class members. (Unprovided potential class members are highlighted in yellow.)
[3] *See* Exhibit 3, Texas Real Estate Commission profile for Boxer Property. (Unprovided potential class members are highlighted in yellow.)
[4] *See* Exhibit 4, Boxer Property LinkedIn connections identifying additional unprovided potential class members.

On August 1, 2017, Plaintiffs provided Defendant's counsel with the names of individuals whom Plaintiffs had already identified as class members omitted from Defendant's class list.[5] Defendant has not responded to Plaintiffs' meet and confer efforts. Accordingly, Plaintiffs respectfully request that the Court order Boxer Property to provide a full list immediately.

## II. ARGUMENT & AUTHORITIES

Prompt notice to potential class members is essential in this case. Pursuant to 29 U.S.C. § 256(b), the statute of limitations on an individual worker's claim is not tolled until that worker "opts-in" by filing a notice of consent with the Court. The doctrine of equitable tolling, however, preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable. *Quintanilla v. A & R Demolition, Inc.*, No. H-04-1965, 2006 U.S. Dist. LEXIS 39198, at *5 (S.D. Tex. June 13, 2006) (Rosenthal, J.). This doctrine principally applies when the plaintiff is actively misled by the defendant or is prevented in some way from asserting her rights. *Id.* (citing *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)).

Due to Defendant's incomplete production and non-compliance with this Court's conditional certification order, Plaintiffs are entitled to equitable tolling of any additional opt-in plaintiff's claims. *See, e.g.*, *Quintanilla*, 2006 U.S. Dist. LEXIS 39198 at *5–6 (Rosenthal, J.) (tolling the statute of limitations period by 31 days, the length of the delay caused by defendants' failure to include all potential plaintiffs when defendant first provided the class list); *Adams v. Inter-Con Sec. Sys.*, 242 F.R.D. 530, 543 (N.D. Cal. 2007) (permitting equitable tolling and noting that "[f]aultless potential plaintiffs should not be deprived of their legal rights on the basis of a defendant's delay [in production of contact information], calculated or otherwise.").

---

[5] *See* Exhibit 1, at pp. 1-2.

3

By producing an incomplete list of potential opt-in plaintiffs, Defendant has not only unduly prejudiced Plaintiffs' ability to discover all persons who may have been misclassified as exempt onsite salespersons, but the continued prolonging of the accurate and complete class list also results in the running of the potential class members' statute of limitations. Thus, to comport with the delay caused by Defendant's non-production of potential opt-in plaintiffs' information, tolling should reflect the number of days between the Court's May 3, 2017 order granting FLSA conditional certification and the date that Defendant provides a complete class list to Plaintiffs.

### III.   CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court order Defendant to comply with its prior order and produce a list with the names and contact information of all potential collective action class members. Specifically, Plaintiffs request that the Court order that:

1. Within ten days, Defendant provide Plaintiffs' counsel with the name, address, and dates of employment of all individuals who worked for Boxer Property during the relevant time period and who held the job title of leasing representative, commercial leasing representative, senior leasing representative, or any similar title who performed similar duties of the Plaintiffs and was classified by Defendant as an exempt employee under the FLSA;

2. The statute of limitations period shall be tolled by the number of days between the Court's May 3, 2017 order granting FLSA conditional certification and the date that Defendant provides a complete and accurate class list to Plaintiffs;

3. The 75-day notice period does not commence until after Defendant provides a complete class list;

4. Defendant be ordered to pay Plaintiffs' costs necessitated by Defendant's conduct, including the costs associated with compelling compliance with the Court's order; and

5. Plaintiffs receive all other relief to which they are entitled.

DATED:  August 10, 2017                    Respectfully submitted,

/s/ Rhonda H. Wills
Counsel for Plaintiffs

**CERTIFICATE OF CONFERENCE**

I certify that, having conferred with defense counsel, Defendant is opposed to the relief requested in this Motion.

/s/ Rhonda H. Wills<br>Rhonda H. Wills

**CERTIFICATE OF SERVICE**

I certify that the foregoing document has been electronically filed with the Clerk of the Court by using the CM/ECF system, which will in turn send a notice of the electronic filing to all counsel of record, on this 10th day of August, 2017.

/s/ Rhonda H. Wills<br>Rhonda H. Wills

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SHERRY SHELBY, Individually and on Behalf All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | Civil Action No. 4:16-CV-01549 |
| v. | § § | COLLECTIVE ACTION |
| BOXER PROPERTY MANAGEMENT CORPORATION, | § § § § | (JURY TRIAL) |
| Defendant. | § | |

**APPENDIX TO PLAINTIFFS' MOTION TO COMPEL LIST OF POTENTIAL OPT-INS AND ENFORCE CONDITIONAL CERTIFICATION ORDER**

Ex. 1:   Correspondence with Defendant's counsel

Ex. 2:   Compilation of Boxer Property webpages

Ex. 3:   Texas Real Estate Commission profile for Boxer Property

Ex. 4:   Boxer Property LinkedIn connections

Ex. 5:   *Quintanilla v. A & R Demolition, Inc.*, No. H-04-1965, 2006 U.S. Dist. LEXIS 39198 (S.D. Tex. June 13, 2006) (Rosenthal, J.)

Ex. 6:   *Adams v. Inter-Con Sec. Sys.*, 242 F.R.D. 530 (N.D. Cal. 2007)