United States District Court
Southern District of Texas
**ENTERED**
February 24, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHERRY SHELBY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-cv-1549 |
| | § | |
| BOXER PROPERTY MANAGEMENT | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | | |

## MEMORANDUM AND ORDER

Before the Court are several motions: (1) Plaintiffs' Motion for Reconsideration (Doc. No. 157), (2) Plaintiffs' Motion for Attorneys' Fees (Doc. No. 156), and (3) Defendant's Motion for Judgment (Doc. No. 149). After considering the motions, the responses thereto, and all applicable law, the Court determines that Plaintiffs' Motion for Reconsideration must be **DENIED** and Defendant's Motion for Judgment must be **DENIED AS MOOT**. The Court further determines that Plaintiffs' Motion for Attorneys' Fees shall be **DENIED**.

### I.   BACKGROUND

This case is a collective action brought under the Fair Labor Standards Act (the "FLSA"). Named-Plaintiff Sherry Shelby sued her former employer, Boxer Property Management Corporation ("BPMC" or "Defendant"), alleging that BPMC misclassified her and others employed in the position of Leasing Representatives as exempt from the FLSA's overtime requirements. Shelby sought overtime wages for herself and the collective class (collectively, "Plaintiffs").

The procedural history of this case is long. As relevant here, on cross-motions of summary judgment the Court determined that Defendant had misclassified Plaintiffs as exempt from the

FLSA overtime requirement based on their status as "outside salespersons." (Doc. No. 118, 1/11/19 Order). The Court granted summary judgment in favor of Plaintiffs as to this misclassification issue.

This case proceeded to an eight-day bench trial on damages beginning on April 8, 2019. At trial, Plaintiffs offered witness testimony to support their damages model, which they had filed prior to trial as "Exhibit A" to their amended Rule 26 disclosures (the "pre-trial damages model"). *See* (Doc. No. 154 at 6 ¶¶1-8); *see also* (Doc. No. 157-3 at 13 & Exh. A). Under this damages model, Plaintiffs claimed that Shelby worked 70 hours per week and the opt-in Plaintiffs worked 60 hours per week. (Doc. No. 157-3 at 13). The pre-trial damages model did not account for vacation days, which the Court noted at trial. (Doc. No. 157 Exh. 2 at 173).

On the eighth and final day of trial, Plaintiffs sought to introduce for the first time an amended damages model (the "amended damages model"). (Doc. No. 154 at 8 ¶9); (Doc. No. 157 Exh. 1 at 54). The amended damages model purported to account for times when Plaintiffs were on vacation. (Doc. No. 157 Exh. 1 at 54-55). After Defendant objected to the amended damages model, the Court reserved judgment on its admissibility, and Plaintiff offered to withdraw the model. *Id.* at 55-57. The amended damages model was not entered into the record. (Doc. No. 154 at 8 ¶10).

Nearly two months after the conclusion of trial, Plaintiffs filed an Amended Findings of Fact and Conclusions of Law which appended the amended damages model as "Exhibit A" (the "post-trial damages model"). (Doc. No. 154 at 8 ¶11); (Doc. No. 157 Exh. 5). Plaintiffs did not explain that the damages model presented in their post-trial brief was different than the pre-trial damages model used throughout trial or that it was the same amended damages model introduced on the last day of trial. (Doc. No. 154 at 8 ¶12).

On September 13, 2019, this Court dismissed Plaintiffs' claims in its Findings of Fact and Conclusions of Law (the "Order") because Plaintiffs could not establish a necessary element of their FLSA action: damages. (Doc. No. 154). The Court concluded that it could not rely on Plaintiffs' pre-trial damages model because it was not credible, nor could it rely on the post-trial damages model because it was untimely disclosed in violation of discovery rules.

Plaintiffs now seek reconsideration of the dismissal of their claims and request attorneys' fees and costs. The Court addresses each motion in turn.

## II. MOTION FOR RECONSIDERATION

Plaintiffs seek reconsideration of this Court's Order dismissing Plaintiffs' claims. After considering Plaintiffs' motion, the Court's Order, and the parties' arguments, the Court finds no reason to question the correctness of its judgment.

### A. Legal standard

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Motions for reconsideration are generally analyzed under the standards governing motions to alter or amend under Rule 59(e) or motions for relief from judgment or order under Rule 60(b). *Id.* (citing *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998).

A motion for reconsideration "calls into question the correctness of a judgment." *Templet v. Hydro Chem., Inc.*, 367 F.3d 472, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Such motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478. Instead, they serve the narrow purpose of allowing "a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 479 (quoting

*Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Relief is also appropriate where there has been an intervening change in the controlling law. *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567–68 (5th Cir. 2003). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Templet*, 367 F.3d at 479.

**B. Analysis**

In seeking reconsideration, Plaintiffs do not present newly discovered evidence or an intervening change in the controlling law. Rather, Plaintiffs contend that the Court's basis for dismissing the case constitutes a manifest error of law. Specifically, Plaintiffs contend that this Court improperly dismissed their claims as a sanction under Federal Rule of Civil Procedure 37,[1] which is a "severe sanction" that should be used only under "extreme circumstances." (Doc. No. 157 at 9) (citations omitted).

Plaintiffs, however, misunderstand this Court's Order. Dismissal in this case resulted not from a Rule 37 sanction for violating discovery, but rather from Plaintiffs' failure to prove an "essential element" of their FLSA claims: damages. *Moore v. CITGO Ref. & Chems. Co.*, 735 F.3d 309, 319 (5th Cir. 2013); (Doc. No. 154 at 16-17). Central to the Court's judgment was Plaintiffs' presentation of two contradicting damages computations—one on the last day of trial—which precluded the Court's reliance on either to establish the essential element of Plaintiffs' claims.

---

[1] Rule 37(b)(A)(v) permits a district court to dismiss a case with prejudice as a sanction for violating a discovery order. *See* Fed. R. Civ. P. 37(b)(A)(v). To dismiss an action under Rule 37, the court must first find that:

(1) the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation of the discovery order must be attributable to the client instead of the attorney; (3) the violating party's misconduct must substantially prejudice the opposing party; and (4) a less dramatic sanction would not substantially achieve the desired deterrent effect.

*Moore v. CITGO Ref. & Chems. Co.*, 735 F.3d 309, 316 (5th Cir. 2013) (quoting *Doe v. Am. Airlines*, 283 Fed. App'x 289, 291 (5th Cir. 2008) (per curiam)).

As set forth in the Order, Plaintiffs presented a pre-trial damages calculation through their Rule 26(f) disclosures, under which Shelby worked 70 hours "on average" per week and each opt-in Plaintiff worked 60 hours "on average" every week. (Doc. No. 154 at 6 ¶¶1-2). This damages computation did not account for full-day absences or two-week vacations. *Id.* at 7 ¶¶7-8. On the last day of trial, Plaintiffs introduced an amended damages model that contradicted the pre-trial damages model, and also contradicted the sworn testimony at trial in support of those computations. *Id.* at 8 ¶9. This amended damages model was not admitted. *Id.* at 8 ¶10. Two months after the conclusion of trial, Plaintiffs filed an Amended Findings of Fact and Conclusions of Law that used the amended damages model; however, Plaintiffs did not notify the Court that they had submitted a model which differed from the model used throughout trial. *Id.* at 8 ¶11.

After considering the parties' arguments and testimony, the Court determined that it could not rely on either model to establish damages. The Court first concluded that the "post-trial damages model directly and materially conflicts with their pre-trial disclosures as well as their trial testimony," which rendered their claims of time worked "unsubstantiated and speculative estimates and, most importantly, not credible." *Id.* at 13 ¶13. Plaintiffs' credibility, however, was of the "utmost importance in this case" because Plaintiffs "relied primarily on their own testimony to establish the overtime hours they worked." *Id.*

Turning to the post-trial damages model, the Court determined that it could not permit Plaintiffs to supplement their damages testimony where such supplementation did not occur until the last day of trial and after trial. *Id.* at 14 ¶17. Such eleventh-hour disclosures, the Court concluded, violated Rule 26(a) and 37(c)(1). Even so, the Court did not summarily exclude the post-trial damages model. Rather, the Court properly evaluated the four factors used to determine whether a violation of Rule 26 is harmless and relied upon Fifth Circuit precedent in *Moore v.*

5

*CITGO Refining & Chemicals Co.*, 735 F.3d 309 (5th Cir. 2013).[2] *Id.* at ¶¶17-22. Finding that Plaintiffs' late supplementations violated discovery, the violations were not harmless, and they were committed in bad faith, the Court held that it could not rely on the post-trial damages model. *Id.* at ¶22. Because Plaintiffs could not establish damages, the Court, as in *Moore*, dismissed Plaintiffs' claims.

Thus, contrary to Plaintiffs' contention in their Motion for Reconsideration, the Court did not summarily dismiss this case as a sanction for violating a discovery order under Rule 37(b). Rather, it was Plaintiffs' attempted supplementation of their damages testimony on the last day of trial and in post-trial briefing that the Court forbade under Rule 26(a) and Rule 37(c)(1). And it was the lack of reliable evidence establishing damages, an essential element of Plaintiffs' FLSA claims, that required the dismissal of this case.

Never before has the Court encountered an attempt made so late in the course of a case completely to transmogrify the evidence on one of the essential elements of a claim for relief. Such conduct was fatal to the credibility of and this Court's reliance on either of Plaintiffs' contradicting damages models, and, accordingly, Plaintiffs' ability to meet their burden of establishing an essential element of their FLSA claims. Under these circumstances, dismissal was proper. *See Moore*, 735 F.3d at 318-19. Finding no reason to question the correctness of its judgment, the Court hereby **DENIES** Plaintiff's Motion for Reconsideration. The Court further **DENIES AS MOOT** Defendant's Motion for Judgment.

---

[2] Plaintiffs' attempt to distinguish *Moore* misses the mark. *See* (Doc. No. 157 at 15-16). Plaintiffs focus only on the portions of *Moore* in which certain plaintiffs were dismissed due to violation of discovery orders; however, Plaintiffs fail to address the relevant portion of *Moore*, in which the Fifth Circuit affirmed the dismissal of the remaining plaintiffs' claims for failure to establish an essential element of their FLSA claims: damages. *See Moore*, 735 F.3d at 318-19. As relevant in *Moore*, the district court barred plaintiffs from presenting evidence of damages as a sanction for untimely disclosure and subsequently granted summary judgment dismissing the case because plaintiffs could not establish damages. *Id.* The Fifth Circuit affirmed. Contrary to Plaintiffs' contentions, *Moore* is applicable in the instant case.

### III. <u>MOTION FOR ATTORNEYS' FEES</u>

Plaintiffs seek attorneys' fees in the amount of $331,077.50 and costs and expenses in the amount of $25,225.15. (Doc. No. 156 at 17). Plaintiffs do not seek fees and costs for litigating the damages portion of this case; rather, Plaintiffs seek compensation only for the hours reasonably expended in litigating, through the summary judgment phase of this case, whether Defendant misclassified Plaintiffs as subject to the outside sales exemption. *Id.* Whether Plaintiffs are entitled to attorneys' fees and costs turns on their status as a "prevailing party"; the Court determines that Plaintiffs are not, and accordingly denies the motion.

The FLSA provides that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. §216(b). The Fifth Circuit has clarified that the statute "mandates that the district court award attorney's fees *to the prevailing party*, but it gives the court discretion in deciding what is reasonable." *Portillo v. Permanent Workers, L.L.C.*, 2019 WL 5876426, at *2 (5th Cir. Nov. 11, 2019) (emphasis added) (quoting *Purcell v. Seguin State Bank & Tr. Co.*, 999 F.2d 950, 961 (5th Cir. 1993)).

To establish prevailing party status under Supreme Court and Fifth Circuit caselaw, a plaintiff must satisfy three requirements: "(1) the plaintiff must achieve judicially-sanctioned relief, (2) the relief must materially alter the legal relationship between the parties, and (3) the relief must modify the defendant's behavior in a way that directly benefits the plaintiff at the time the relief is entered." *Petteway v. Henry*, 738 F.3d 132, 137 (5th Cir. 2013) (citing *Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008)); *see Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001). Under this test, a party may attain prevailing status by succeeding on "any significant issue in litigation which achieves some of the

benefit the parties sought in bringing suit," even if it is not the central claim of the case. *Petteway*, 738 F.3d at 137 (quoting *Tex. State Teachers' Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 789 (1989)). When moving for attorneys' fees, "the fee applicant bears the burden of establishing entitlement to an award." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

Here, Plaintiffs cannot meet their burden of establishing prevailing party status because they did not achieve judicially-sanctioned relief under the first prong. *Petteway*, 738 F.3d at 137. Indeed, the Court dismissed Plaintiffs' claims following a bench trial for failure to establish an essential element of their FLSA claims: damages. Plaintiffs nonetheless contend that they are a prevailing party because they won summary judgment on the issue of whether Defendant misclassified Plaintiffs as exempt from FLSA's overtime requirement. The Court disagrees. While the Court did determine as a matter of law that Plaintiffs were misclassified under FLSA, the Court did not award any relief. Unlike the cases upon which Plaintiffs rely, the Court here did not grant injunctive relief, *see Petteway*, 738 F.3d at 137, or enter declaratory relief, *see Barrows v. City of Chattanooga*, 944 F. Supp. 2d 596, 605 (E.D. Tenn. 2013). Indeed, Plaintiffs' complaint does not request declaratory relief.

Moreover, while Plaintiffs rely on *Texas State Teachers Ass'n v. Garland Independent School District*, 489 U.S. 782, 792 (1989) to contend that damages are not required for attorneys' fees, *Garland* is distinguishable. *Garland* involved the First Amendment Claims of a teachers' union challenging the school board's policy limiting the teachers' ability to communicate concerning employee organization. The *Garland* Court determined that the plaintiffs had "obtained a judgment vindicating the First Amendment rights of public employees in the workplace" and this success "materially altered the school district's policy limiting the rights of teachers to communicate with each other," and accordingly awarded the teachers attorneys' fees

8

even though they were not specifically awarded damages or injunctive or declaratory relief. *Id.* Unlike the case at hand, however, *Garland* addressed attorneys' fees under the civil right statute 42 U.S.C. § 1988 and involved First Amendment claims, which, unlike FLSA claims, do not require a finding of damages due to unpaid overtime as a necessary element. *Id.* Thus, Plaintiffs have provided no authority or evidence upon which this Court may conclude that Plaintiffs are entitled to attorneys' fees where the Court awarded no specific relief and ultimately dismissed the case following a bench trial.

Under these circumstances, Plaintiffs have not met their burden of establishing that they are a prevailing party entitled to attorneys' fees and costs. Plaintiffs' Motion for Attorneys' Fees is accordingly **DENIED**.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration and **DENIES AS MOOT** Defendant's Motion for Judgment. The Court further **DENIES** Plaintiff's Motion for Attorneys' Fees.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 24th of February, 2020.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE