United States District Court
Southern District of Texas
**ENTERED**
July 17, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **SHERRY SHELBY,** § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:16-cv-1549 |
| § | |
| **BOXER PROPERTY MANAGEMENT** § | |
| **CORPORATION,** § | |
| § | |
| Defendant. | |

## ORDER

Before the Court is Defendant's Motion for Attorneys' Fees (Doc. No. 168) and Defendant's Bill of Costs (Doc. No. 169). The procedural history in this case is extensive, and the Court has explained it at length elsewhere. As relevant here, at the summary judgment phase the Court ruled in Plaintiffs' favor on the classification issue after determining that Defendant had misclassified Plaintiffs as exempt from the FLSA overtime requirement based on their status as "outside salespersons." (Doc. No. 118, 1/11/19 Order). This case proceeded to an eight-day bench trial on damages only. On the last day of trial, Plaintiffs introduced for the first time an amended damages model, which was not entered into the record. (Doc. No. 157 Exh. 1 at 54). On September 13, 2019, this Court dismissed Plaintiffs' claims in its Findings of Fact and Conclusions of Law because Plaintiffs could not establish a necessary element of their FLSA action: damages. (Doc. No. 154). The Court concluded that it could not rely on Plaintiffs' pre-trial damages model because it was not credible, nor could it rely on the amended damages model because it was untimely disclosed in violation of discovery rules.

The Court subsequently denied Plaintiffs' Motion for Reconsideration and Plaintiffs' Motion for Attorneys' Fees. (Doc. No. 166). The Court entered a final judgment on March 19,

2020. (Doc. No. 167). Shortly thereafter, Defendant filed the two motions at issue here: a Motion for Attorney Fees (Doc. No. 168) and a Bill of Costs requesting a total amount of $123,823.61. (Doc. No. 169). Plaintiffs filed objections to Defendant's Bill of Costs.

The Court heard argument on both matters at a telephonic hearing on July 15, 2020. At the hearing, and for reasons stated on the record, the Court denied Defendant's Motion for Attorneys' Fees (Doc. No. 168) and took Defendant's Bill of Costs under advisement (Doc. No. 169). The Court turns now to the latter.

Rule 54(d)(1) of the Federal Rules of Civil Procedure states, in relevant part, that unless otherwise provided, costs other than attorneys' fees "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "The district court has broad discretion in taxing costs," including denying an award for costs. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998); *Moore v. CITGO Refining & Chems. Co.*, 735 F.3d 309, 319 (5th Cir. 2013). While courts should award costs, 28 U.S.C. § 1920 limits recovery to six enumerated types of costs. *See* 28 U.S.C. § 1920.

Plaintiffs urge the Court to deny Defendant's Bill of Costs because "Defendant was not the prevailing party on a significant issue in this litigation," and thus does not fall within Rule 54(d)(1). (Doc. No. 170 at 10). The Court disagrees. While the Court granted summary judgment on the misclassification issue in favor of Plaintiffs, it ultimately dismissed Plaintiffs' FLSA claims for failure to establish damages. And to the extent Plaintiffs contend that they, not Defendant, are the prevailing party given this Court's ruling on the misclassification issue, the Court has already rejected this argument in denying Plaintiffs' Motion for Attorneys' Fees. (Doc. No. 166 at 8) ("Plaintiffs cannot meet their burden of establishing prevailing party status because they did not achieve judicially-sanctioned relief."). Thus, contrary to Plaintiffs' assertion, Defendant is a prevailing party for the purposes of Rule 54(d)(1).

Nevertheless, the circumstances of this case compel the Court to exercise its broad discretion to decline Defendant's Bill of Costs. Critically, although the Court dismissed Plaintiffs' claims at the damages phase, the Court found at the liability stage that Defendant had indeed misclassified Plaintiffs and other onsite leasing agents as exempt from FLSA. This ruling led Defendant to, on its own accord, reclassify outside salespersons in its employ to comply with FLSA. In this regard, Plaintiffs achieved some level of success, even if they did not ultimately prevail in the case. While the Court remains concerned about Plaintiffs' attempt to introduce an amended damages model in the last hour of trial, it is persuaded that Plaintiffs brought and litigated a legitimate FLSA claim that resulted in a favorable ruling at the liability stage. Courts have denied bill of costs under similar circumstances. *See, e.g.*, *United States ex rel. Farmer v. City of Houst.*, 2006 WL 6503323, at *2 (S.D. Tex. Oct. 16, 2006) (Ellison, J.) (denying the defendant's bill of costs because the plaintiff "achieve[d] some level of success," had to seek court intervention to obtain discovery, and "litigated close questions of law in the utmost good faith"). Upon close consideration of the proceedings in this case, the Court hereby **DENIES** Defendant's Bill of Costs.

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Attorneys' Fees and **DENIES** Defendant's Bill of Costs.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 17th of July, 2020.

                                                HON. KEITH P. ELLISON
                                                UNITED STATES DISTRICT JUDGE